# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID LEWIS TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1053-R |
| | ) | |
| KENNY LOFTISS, Washita County Sheriff Deputy; DENNIS A. SMITH, District Attorney; and CHRISTOPHER S. KELLY, Associate District Judge, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee proceeding pro se, has initiated a suit under 42 U.S.C. § 1983 for alleged constitutional violations surrounding his arrest and prosecution in Washita County, Oklahoma. Doc. 1. United States District Court Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). On screening, the undersigned recommends that the court dismiss Plaintiff's complaint.

## I. Plaintiff's allegations.

Plaintiff complains that on February 28, 2014, Defendant Loftiss illegally searched Plaintiff's rented truck. Doc. 1, at 1-2, 4-5.[1] That search then allegedly led Defendant Smith to charge Plaintiff with an "illegal," "frivolous," and "malicious" criminal action for second degree burglary, Case No. CF-2014-110. *Id.* at 2, 4-5. Finally, Plaintiff alleges that Defendant Judge Kelly signed the felony warrant and set an "excessive" bail. *Id.* at 3, 5-6. Plaintiff sues each Defendant in his personal capacity, and seeks monetary relief. *Id.* at 7.

## II. Screening responsibilities.

Because Plaintiff has sued government officials, and is proceeding in forma pauperis, the court has a duty to screen the complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). To that end, the court must dismiss any claim that: (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b)(1)-(2), 1915(e)(B)(ii)-(iii). To survive the first element, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the court assumes the truth of all well-pleaded factual allegations

---

[1] The undersigned's citations refer to the court's CM/ECF pagination.

in the complaint and construes them in the light most favorable to Plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

## III. The claims against Defendant Smith and Defendant Judge Kelly.

For Defendant Smith and Defendant Judge Kelly, the undersigned recommends dismissal based on their respective prosecutorial and judicial immunity from monetary relief.

### A. Defendant Smith – prosecutorial immunity.

Plaintiff seeks monetary relief from Defendant Smith based on the prosecutor's decision to charge Plaintiff with a crime. Doc. 1, at 2, 4. But "[p]rosecutors are absolutely immune for those activities intimately associated with the judicial phase of the criminal process." *Thomas v. Kaven*, 765 F.3d 1183, 1191 (10th Cir. 2014) (citations and internal quotations omitted). This process includes initiating and pursuing criminal prosecutions. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) ("[T]he more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." (citation omitted)). And, allegations of malicious prosecution do not defeat this immunity. *See, e.g., Glaser v. City & Cnty. of Denver*, 557 F. App'x 689, 705 (10th Cir. 2014) (affirming the district court's finding that prosecutor was entitled to absolute prosecutorial immunity for

3

"initiating and pursing a criminal prosecution" despite plaintiff's allegation that the prosecution was "malicious"). So, the undersigned finds that Defendant Smith is absolutely immune from Plaintiff's claims for monetary damages.

**B. Defendant Judge Kelly – judicial immunity.**

Similarly, Defendant Judge Kelly is entitled to judicial immunity for his acts involving signing Plaintiff's arrest warrant and setting bail.

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (citation omitted). Two exceptions may apply: "(1) when the act is 'not taken in the judge's judicial capacity,' and (2) when the act, 'though judicial in nature, is taken in the complete absence of all jurisdiction.'" *Id.* (citation and internal brackets omitted).

Based on Plaintiff's allegations and Oklahoma law, the undersigned finds that Defendant Judge Kelly was acting in his judicial capacity, and within his judicial jurisdiction, when he signed Plaintiff's arrest warrant and set his bail. *See* Doc. 1, at 3, 6; *Hicks v. Blythe*, No. 96-7034, 1997 WL 8844, at *1 (10th Cir. Jan. 9, 1997) (unpublished op.) (noting that under Oklahoma law, a state District, Associate, or Special Judge, acting as a magistrate, enjoys the judicial authority to "issue an arrest warrant" and "set bail"). So,

4

Defendant Judge Kelly also enjoys absolutely immunity from Plaintiff's request for monetary relief. *See Sawyer v. Gorman*, 317 F. App'x 725, 727-28 (10th Cir. 2008) ("[Plaintiff's] allegations against Judges McNally and Way – challenging the imposition of a $25,000 bail . . . clearly implicates actions taken in the judges' judicial capacity, and . . . not in the absence of all jurisdiction. [The judges] are therefore absolutely immune from [the] damages claim against them."); *Lyghtle v. Breitenbach*, 139 F. App'x 17, 20 (10th Cir. 2005) (holding that state court judge "is entitled to absolute immunity" for his act of signing an arrest warrant).

### C. Summary.

Because both Defendant Smith and Defendant Judge Kelly enjoy absolute immunity from Plaintiff's request for monetary relief, the undersigned recommends that, on screening, the court dismiss these claims with prejudice. *See Glaser*, 557 F. App'x at 706 (affirming the district court's dismissal of claims against state court judge and prosecutor "with prejudice").

### IV. The claims against Defendant Loftiss.

The undersigned also recommends that the court dismiss, without prejudice, the claims against Defendant Loftiss.

Plaintiff explains that Defendant Loftiss illegally searched Plaintiff's rented vehicle, resulting in Plaintiff's arrest for second degree burglary. Doc. 1, at 1-2, 4-5. Plaintiff indicates that his criminal case, CF-2014-110, is

ongoing and the undersigned takes judicial notice that this is correct. *See id.*; On Demand Court Records: http://www1.odcr.com/detail?court=075-casekey=075- CF++1400110 (last accessed November 14, 2014).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for a plaintiff's federal claims, and implicate important state interests. *Id.* at 43. An exception exists for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *See id.* at 46-55 (citation omitted); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (quotation omitted). "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted).

Plaintiff's criminal case began before he initiated this suit, and "'Oklahoma has an important interest in enforcing its criminal laws through

criminal proceedings in the state's courts.'" *Green v. Whetsel*, 166 F. App'x 375, 376 (10th Cir. 2006) (citation omitted). Plaintiff does not suggest he lacks an adequate forum to challenge the alleged illegal search in state court. And, if the court found that Defendant Loftiss unlawfully searched Plaintiff's vehicle, it could likely result in substantial disruption of the ongoing state process. *See Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) (affirming the district court's application of *Younger* to dismiss plaintiff's claim for damages based on an illegal search and seizure in part because: "A finding in this case that the defendants violated Buck's constitutional rights would have a preclusive effect in the state-court proceedings."). Finally, the undersigned finds that Plaintiff's complaint fails to sufficiently allege any exception to the *Younger* abstention doctrine.[2]

Based on the foregoing, the undersigned recommends that the court dismiss, without prejudice, the claims against Defendant Loftiss.

## V. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court dismiss *with* prejudice the claims against Defendant Smith and Defendant Judge Kelly, and *without* prejudice the claims against Defendant Loftiss.

---

[2] Based on the same findings, this Court recently applied *Younger* to dismiss Plaintiff's 28 U.S.C. § 2241 petition challenging the same underlying state criminal proceedings. *See Tucker v. Reeve*, CIV-14-971-R, Docs. 6, 8, 9.

The court's adoption of this recommendation will term all the parties to the complaint and thus the complaint itself.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by December 4, 2014 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

IT IS SO ORDERED this 14th day of November, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE